In re DBSI, INC., et al., Debtors.

James R. ZAZZALI, as Trustee of the DBSI Estate Litigation Trust created by operation of the Second Amended Joint Chapter 11 Plan of Liquidation, Plaintiff,

v.

Douglas L. SWENSON, et al., Defendants.

Bankruptcy No. 08–12687 (PJW).
Adversary No. 10–54649 (PJW).

United States Bankruptcy Court, D. Delaware.

Jan. 13, 2012.

Jami B. Nimeroff, Brown Stone Nimeroff LLC, Wilmington, DE, Monte N. Stewart, Craig G. Taylor, Belnap Stewart Taylor & Morris PLLC, Curtis D. McKenzie, McKenzie Law Offices PLLC, Boise, ID, for Defendants, Thomas Var Reeve, Charles Hassard, John Mayeron and Gary Bringhurst.

Natasha M. Songonuga, Christopher Viceconte, Gibbons P.C., Wilmington, DE, Michael F. Quinn, Christopher Walsh, Gibbons P.C., Newark, NJ, for Plaintiff, James R. Zazzali, Trustee for the DBSI Estate Litigation Trust.

PETER J. WALSH, Bankruptcy Judge.

Dear Counsel:

Pursuant to 28 U.S.C. § 157(b)(3), this is the Court's determination as to whether the above captioned proceeding is a core proceeding. For the reasons briefly set forth below, I find that it is a core proceeding.

Three Defendants, namely, Thomas Var Reeve, Charles Hassard and John Mayeron, assert that only some of the counts are core proceedings. Defendant Gary Bringhurst filed a joinder in which he simply seeks a determination as to whether the proceeding is core or non-core. Plaintiff Trustee has filed responses asserting that all the counts of the Second Amended Complaint are core proceedings. (The relevant motion pleadings are Docs. ## 130, 134, 144, 145 and 146.)

The Second Amended Complaint (Doc. # 33) asserts nine counts as follows: (1) actual fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a), and 551; (2) constructively fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550(a), and 551; (3) constructively fraudulent transfers pursuant to 11 U.S.C. §§ 548(b), 550(a), and 551; (4) actual fraudulent transfers pursuant to Idaho Code Ann. §§ 55–913(a), 55–916, and 55–917; (5) constructively fraudulent transfers pursuant to Idaho Code Ann. §§ 55–913(b), 55–916, and 55–917 and 11 U.S.C. §§ 544(b), 550, and 551; (6) constructively fraudulent transfers pursuant to Idaho Code Ann. §§ 55–914(1), 55–916, and 55–917 and 11 U.S.C. §§ 544(b), 550 and 551; (7) transfers to defraud creditors pursuant to Idaho Code Ann. § 55–906 and 11 U.S.C. §§ 544(b), 550, and 551; (8) unjust enrichment, and (9) disallowance of claims pursuant to 11 U.S.C. § 502(d).

■ With respect to the counts based on 11 U.S.C. § 548, I find that these counts clearly fall within 28 U.S.C. § 157(b)(2)(H). These counts are founded solely on bankruptcy law.

■ With respect to the counts based on 11 U.S.C. § 544(b)(1), it is not so obvious that these are core proceedings since, in part, they rely upon "applicable law" other than the Bankruptcy Code. Nevertheless, it clearly falls within the language of 28 U.S.C. § 157(b)(2)(H). Since the Supreme Court's ruling in *Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), there has been considerable debate among the courts as to whether a § 544(b)(1) cause of action is a core proceeding. I am persuaded by the analysis of the *Stern* decision undertaken by the Court in *In re Refco, Inc.,* 2011 WL

5974532 (Bankr.S.D.N.Y.2011) that it is and I therefore determine that 11 U.S.C. §§ 544(b)(1) counts are core proceedings.

██ The unjust enrichment count is premised on the bankruptcy law counts and I therefore conclude that it is likewise a core proceeding.

██ Finally, it is obvious that the 11 U.S.C. § 502(d) count is a core proceeding based as it is in no place but the Bankruptcy Code.

### ORDER

For the reasons set forth in the Court's letter ruling of this date, the Court determines that the above captioned proceeding is a core proceeding.